Otis WEATHERFORD, Movant,

v.

COMMONWEALTH of
Kentucky, Respondent.

Supreme Court of Kentucky.

Feb. 6, 1986.

J. David Niehaus, Office of Jefferson
Dist. Public Defender, Louisville, for mov-
ant.

David L. Armstrong, Atty. Gen., Eileen
Walsh, Joseph R. Johnson, Asst. Attys.
Gen., Frankfort, for respondent.

AKER, Justice.

The appellant, Otis Weatherford, was
convicted on one count of possession of a
forged instrument by a jury which recom-
mended three years' imprisonment. Prior
to the penalty phase Weatherford entered
into a plea bargain agreement in which he
would plead guilty to PFO second-degree in
exchange for the Commonwealth's agree-
ment to reduce the PFO charge and penal-
ty. As part of the agreement Weatherford
waived his right to appeal his conviction on
the underlying charge. Before signing the
waiver, Weatherford was informed by the
court and by trial counsel that he had a
right to appeal and a right to proceed in
*forma pauperis* if he could not afford an
appeal.

Final judgment was entered whereupon
Weatherford filed a notice of appeal and
motion to proceed in *forma pauperis*. The
trial court denied the motion to proceed in
*forma pauperis*. Weatherford thereupon
filed a second notice of appeal from the
order refusing to allow him to proceed in
*forma pauperis*.

The Commonwealth filed a motion to dis-
miss the appeal in regard to the forged
instrument conviction. The Court of Ap-
peals dismissed the entire appeal on the
ground that Weatherford waived his right
to appeal. We affirm.

Although Weatherford complains about the dismissal of the appeal on his forged instrument conviction before a decision was rendered on whether he was improperly denied the right to proceed in *forma pauperis*, we need not now decide that issue since he has abandoned it by requesting that we simply decide the ultimate question of whether his waiver of his constitutionally guaranteed right of appeal was properly obtained.

"[W]hatever might be the situation in an ideal world, the fact is that the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." *Bordenkircher v. Hayes*, 434 U.S. 357, 361–362, 98 S.Ct. 663, 667, 54 L.Ed.2d 604, 609–610 (1978). (Citation omitted).

Proper administration of a plea bargain includes the assistance of counsel during plea negotiations, a public record indicating that a plea was knowingly and voluntarily made and a requirement that the Commonwealth's plea bargaining promise must be kept. 434 U.S. at 362, 98 S.Ct. at 667, 54 L.Ed.2d at 610.

We have thoroughly examined the record and the transcript of the proceedings on Weatherford's plea of guilty, and have concluded that the plea bargain in question was properly administered.

Weatherford's primary contention is that the involuntariness of his plea is evidenced by the fact that he pleaded guilty to the PFO second-degree charge contained in the indictment and that the Commonwealth did him no favor by recommending the maximum penalty available for a judgment on that charge.

However, Weatherford fails to mention the fact that he was faced with an amendment to the indictment by the Commonwealth from the charge of PFO second-degree to PFO first-degree. It is apparent from the record, that faced with the amended indictment, and a possible prosecution on a PFO first-degree charge for which he could have received a twenty-year sentence if convicted, Weatherford chose to waive his right to appeal the underlying conviction in return for the Commonwealth's agreement not to pursue the PFO first-degree charge.

In conclusion, Weatherford gained a material advantage by entering a plea of guilty to the PFO second-degree charge, and receiving a ten-year sentence as opposed to the twenty-year sentence which he could have received had the PFO first-degree charge been successfully pursued by the Commonwealth.

The Court of Appeals' order dismissing Weatherford's appeal is affirmed.

All concur.