**Paul MASCHENIK, Sr., Appellant,**

v.

**Kenneth H. GOFF, Judge, Meade Circuit Court, and Commonwealth of Kentucky (Real Party In Interest), Appellees.**

No. 92–SC–12–MR.

Supreme Court of Kentucky.

May 14, 1992.

As Amended Sept. 17, 1992.

Case Ordered Published by Supreme Court Sept. 17, 1992.

Alec G. Stone, Brandenburg, for appellant.

Chris Gorman, Atty. Gen., Dina Abby Jones, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which denied Maschenik a writ of prohibition which he sought to prevent the Commonwealth Attorney from proceeding with a prosecution for sodomy against him.

The sole issue is whether the Court of Appeals erred in denying Maschenik's request for a writ of prohibition because a binding agreement between the defendant and the Commonwealth Attorney was in existence which would have prohibited prosecution.

Maschenik was indicted for one count of sodomy which alleged that he had engaged in deviant sexual intercourse with one of his granddaughters, an infant under the age of 12. Maschenik entered a plea of Not Guilty.

This matter arose out of a divorce action between the parents of the child. After learning of the alleged sodomy, the child's mother requested in regard to the father's visitation rights that the child not have any contact with her paternal grandfather. The mother requested that the prosecution of the grandfather be deferred on condition that he receive psychiatric counseling because she believed that the incident was an isolated one. The Commonwealth Attorney agreed to defer prosecution on the condition that Maschenik engage in counseling with a psychiatrist to deal with his sexual maladjustment. The trial judge approved the counseling plan.

Six months after the agreement was reached and while Maschenik was under the agreement for counseling, the Commonwealth received a statement from another one of his granddaughters describing an act of sodomy to which he had subjected her. This act involved both granddaughters. The mother then sought to have the

grandfather prosecuted once it appeared that the incident involving the first granddaughter was not isolated. Maschenik's motion to prohibit prosecution was denied. He then filed an original action in the Court of Appeals seeking a writ of prohibition to prevent the trial judge from conducting a trial. The writ of prohibition was denied. This appeal followed.

The decision of the Court of Appeals denying the petition for a writ of prohibition was correct and it is affirmed.

The agreement in question was not a plea agreement. Maschenik had not entered a plea of guilty but rather maintained his innocence by his plea of Not Guilty. *Cf. Weatherford v. Commonwealth,* Ky., 703 S.W.2d 882 (1986); *Simpson v. Commonwealth,* Ky., 759 S.W.2d 224 (1988).

There was never an agreement to forego prosecution, but only to defer prosecution if he would seek counseling so that further information regarding his progress in psychiatric care could be evaluated. Even if Maschenik completed the counseling program, the Commonwealth could have still prosecuted him if the Commonwealth and the trial judge were not satisfied that he had received sufficient benefit from the counseling sessions. The Commonwealth learned that Maschenik's conduct was not an isolated act of sexual contact but rather a pattern of behavior exhibited against several children. At that time, the Commonwealth had a right to proceed with the prosecution.

Maschenik has not shown any detrimental reliance on the Commonwealth's offer. If he relied on the counseling offer, it was certainly not to his detriment. His rights have not been eroded through any of the counseling he had received.

Maschenik's contention that prosecution should be prohibited pursuant to the plea agreement is unconvincing because there never was such a plea agreement. All that was agreed to was to defer prosecution. Defer means to put off to a future time, or to postpone or delay. *See Webster's II New Riverside Dictionary* (1984) p. 356. Clearly, to defer prosecution means merely to suspend it and not to forego it completely. The transcript indicates that the prosecution suggested the case be redocketed for six months in order to receive a psychiatric report. The Commonwealth simply agreed to take the counseling report into consideration before taking further action in the case. When the new information regarding the defendant's sexual crimes against other children was received, the prosecutor had a right to proceed.

Maschenik's reliance on *Workman v. Commonwealth,* Ky., 580 S.W.2d 206 (1979) is misplaced. In that case, the prosecution agreed to forego prosecution. Here the agreement was only to defer prosecution. Maschenik has not demonstrated in any way that his attendance at psychiatric counseling was detrimental to his rights as a defendant. He was never promised that he would not be prosecuted even if he completed the counseling plan. Detrimental reliance by Maschenik, as required to force any agreement, has not been demonstrated. *Cf. Shaffer v. Morgan,* Ky., 815 S.W.2d 402 (1991), quoting *Commonwealth v. Reyes,* Ky., 764 S.W.2d 62 (1989).

There was a rational basis for the Commonwealth to break the agreement with the defendant. Six months after the agreement the prosecution obtained statements from two other young children indicating that the defendant's conduct with the first granddaughter was not an isolated incident but rather a pattern involving several children. This additional information was the rational basis for breaking the agreement with the defendant and proceeding with prosecution. *Cf. Workman, supra,* at p. 206; *Shaffer, supra,* at p. 404; *Reyes, supra,* at p. 66.

The Commonwealth entered into this agreement under the mistaken belief that the act of sodomy performed on the first grandchild was an isolated incident. When new evidence came to light approximately six months later, the Commonwealth had a right to proceed with the prosecution because there was a rational basis for doing so.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and COMBS, LAMBERT, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

I am in vehement disagreement with the characterization of the "facts" in the Majority Opinion. The Majority Opinion states:

> "Even if Maschenik completed the counseling program, the Commonwealth could have still prosecuted him if the Commonwealth and the trial judge were not satisfied that he had received sufficient benefit from the counseling sessions."

This is *not* a reasonable inference from the record. On the contrary, the Commonwealth Attorney, with the court's approval, agreed to defer prosecution of Maschenik on this particular charge on condition that he engage in a counseling program which was approved by the trial court to deal with his sexual maladjustment. A five year counseling program was designed and approved by the court. The *only* reasonable inference from this fact situation was an understanding that if Maschenik performed his part of the bargain by completing the counseling plan, when completed this particular charge would be dropped. Most certainly Maschenik could be prosecuted on different charges that came to light after the agreement was reached, but this particular charge should be barred by good faith adherence to the bargain that was struck, just as we so held in *Workman v. Commonwealth*, Ky., 580 S.W.2d 206 (1979), *Commonwealth v. Reyes*, Ky., 764 S.W.2d 62 (1989), and *Shaffer v. Morgan*, Ky., 815 S.W.2d 402 (1991). I am struck by the irony in citing these three cases in the Majority Opinion, inviting the reader to *compare* ("c.f.") them with the present one, when they reached the *opposite* result.

For instance, in *Workman* the agreement was to drop the charge if the defendant took and passed a polygraph test. Agreeing to take a polygraph test is cer-tainly less onerous than agreeing to a five year treatment program. In *Workman*, we endorsed the ringing phrases of Oliver Wendell Holmes, registered in his dissent in *Olmstead v. United States*, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928), to the effect that in the last analysis it is less evil that a criminal should escape punishment than that the government should be allowed to welsh on its bargain. Why not here?

The Majority Opinion concludes that Maschenik "was never promised that he would not be prosecuted even if he completed the counseling plan." Viewed in good faith, that is exactly the bargain that was struck. A person accused of a crime in this Commonwealth, whether innocent or guilty, has a right to expect the law will deal with him in good faith. Maschenik has a right to expect nothing less from the prosecutor. He has a right to expect nothing less from the courts.